UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

Washington D.C. Division

---

| | |
|---|---|
| BARRY L. COX and JANIS L. COX )<br>    Plaintiff, )<br> )<br>        v. )<br> )<br>STATE OF CALIFORNIA, )<br>FRANCHISE TAX BOARD (FTB) )<br>    Defendants, )<br> )<br>_____ ) | Case: 1: 07-CV-01386 (R.M.C)<br><br><br><br><br><br><br>Hon. Judge R. M. Collyer |

## MOTION CONCERNING MATTERS OF RULE 4 & 5 FEDERAL RULES OF CIVIL PROCEDURE SUMMONS AND GOOD SERVICE

COMES NOW, plaintiffs Barry L. Cox and Janis L. Cox in response to the Clerk of the Court regarding "good service" of the "COMPLAINT" and "SUMMONS."

### FACTS

On July 28, 2007 the plaintiffs delivered to the Clerk of Court, and the defendant "FTB," a transmittal letter by United States Certified Mail #7006 0100 003 2802 3523 (copy enclosed) with the followed documents:

1.  COMPLAINT For MONEY DAMAGES

2.  Letter to FTB with REQUEST for WAIVER of SUMMONS

3.  Form AO 399 "WAIVER OF SERVICE OF SUMMONS"

1

RECEIVED
OCT 9 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

On July 30, 2007 the Clerk of the Court filed the plaintiff's "COMPLAINT" manifesting the <u>assigned date</u> 07/30/2007 as Case: 1: 07-CV-01386.

On or about July 30, 2007, the defendant "FTB," was served a copy of the "COMPLAINT" and the accompanying documents "REQUEST FOR WAIVER OF SUMMONS" and FORM AO 399 "WAIVER OF SERVICE OF SUMMONS" by United States Certified Mail # 7006 0100 0003 2802 3530. [Proof on file]

These verified documents demonstrated "good faith" to comply with the requirements and guidelines of Rule 4 and Rule 5 Federal Rules of Civil Procedure.

The Court will take judicial notice FORM AO 399 "Waiver of Service of Summons" includes the following declaration:

> Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless "good cause" be shown for its failure to sign and return the waiver.
>
> It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of he summons) and may later object to the jurisdiction of he court or to the place where the action has been brought.
>
> A defendant who waives service <u>must</u> within the time specified on the waver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and <u>must</u> also file a signed copy of the response with the court. <u>If the answer or motion is not served within this time a default judgment may be taken against that defendant</u>. By waving service, a defendant is allowed more time (60 days instead of 20 days) to answer than if the summons had been actually serviced when the request for waiver of service was received.

After 60 days of waiting, to see if the defendant ("FTB") would timely respond to the requirement under Rule 4 (d) (1) (2) 9(A)(B)(C)(D)(E)(F)(G) & (3)(4)(5) Federal Rules of Civil Procedure, on September 27, 2007, the plaintiff filed with this Court by United States first class mail, "MOTION FOR DEFAULT JUDGMENT," pursuant to the above referenced Rule 4 and Rule 55 "DEFAULT."

A true and correct copy of the "motion for default judgment" was mailed to the defendant "FTB" by United States prepaid first class mail on September 27, 2007.

On October 2, 2007, the plaintiff received a telephone call from the Court's Clerk, or a clerk in the office of Judge Collyer, named "Teresa" [Telephone Number (202) 354-3124], asserting the Court received the MOTION FOR DEFAULT JUDGMENT and it was docketed accordingly.

However, "Teresa" argued that there was no evidence that a SUMMONS had been served upon the FTB with the "Complaint." She also argued that she could not locate in the Court's records any signed "Request for Waiver of Summons" or "WAIVER OF SERVICE OF SUMMONS filed with the "Complaint" to establish "good service."

Accordingly, the plaintiffs now move this Court to analyze these events and examine the enclosed "documents" (*supra*) which were properly mailed and served upon the Court and defendant ("FTB") with the "complaint."

3

Plaintiffs respectfully request the Court to determine if the defendant "failed" to cooperate in saving unnecessary costs of service of the summons and failed to sign and return the waiver and is liable for bearing the costs of "service" or if the FTB forfeited the right to answer and is in DEFAULT.

In the alternative, if the courts find (findings of fact and conclusions of law, Rule 52 "Findings by the Court"), that the defendants are entitled to receive a SUMMONS under provisions of Rule 4, the plaintiffs move the Court to "order" the Clerk of Court to prepare the required "summons" Form AO 440 "Summons in a Civil Action" and to direct the Clerk to deliver such SUMMONS upon the defendant with instructions the FTB will bear the cost of such service mandated by Rule 4 "Summons."

However, should the Court determine it is the responsibility of the plaintiff to serve the SUMMONS upon the defendant, the Court should advise accordingly.

In the event the Court has determined the defendant (FTB) is in DEFAULT, the plaintiff moves the Court to GRANT the MOTION FOR DEFAULT JUDGMENT as law and justice demand, and which the plaintiffs are entitled, as a matter of law.

Respectfully submitted,

By_____
Barry Cox
502 Roble Vista
San Antonio, Texas 78258

4

By /s/ Janis L. Cox
Janis Cox
502 Roble Vista
San Antonio, Texas 78258

Dated:   October 3, 2007

CERTIFICATE OF SERVICE

This is to certify the original and one copy of the foregoing "action" styled

<u>MOTION CONCERNING MATTERS OF RULE 4 & 5 FEDERAL RULES OF CIVIL PROCEDURE AND GOOD SERVICE</u> was mailed to the United States District Court, District of Columbia, Washing D.C Division, 333 Constitution Avenue, N.W., Washington, 20001 by repaid United States first class mail on October 3, 2007.

A true and correct copy of the "action" was also mailed on the same date by prepaid United States first class mail to the defendant (FTB) as follows:

>State of California
>FRANCHISE TAX BOARD
>P.O. Box 2952
>Sacramento, California 95812-2952

I declare under penalties of perjury the facts alleged in the "action" and in this Certificate of Service are true and correct to the best of my knowledge

By_____
Barry L. Cox, attorney pro se
502 Roble Vista
San Antonio, Texas 78258

Dated: October 3, 2007

## PROFESSIONAL ADVISORY OFFICES

19141 STONE OAK PARKWAY
SUITE 104  BOX 109
SAN ANTONIO, TEXAS 78258

(210) 497-0343 • FAX (210) 497-0349
E-MAIL WARRIORAGENT@HOTMAIL.COM

BARRY L. COX, Consultant

July 28, 2007

Clerk's Office, Clerk of the Court
United States Court House
District of Columbia
333 Constitution Avenue
Washington DC  20001        **UNITED STATES CERTIFIED MAIL**

SUBJECT:  Filing of Civil Complaint    Re: Cox v. Franchise Tax Board "FTB"

Attention:  Clerk of the Court

Please find enclosed the original and two copies of the "COMPLAINT." Please file and record this actionable cause and return one stamped copy to the Plaintiff. Please find a check for the filing fee in the amount of $350 payable to CLERK, U. S DISTRICT COURT. Also enclosed is a prepaid, self-addressed envelope for returning a stamped copy with assigned case number of the "complaint" to the plaintiff.

A copy of the "COMPLAINT" along with two copies requesting WAIVER OF SERVICE OF SUMONS was delivered by CERTIFIED MAIL to the Defendant, State of California, Franchise Tax Board as required by Rule 4 (d) F. R. Civ. P. at the following address: State of California, FRANCHISE TAX BOARD ("FTB"), P.O. Box 2952, Sacramento, California 95812-2952. (copy enclosed)

If you have any questions in this regard, please contact me by mail, fax or telephone as indicated on the letter-head" stationary of this correspondence.

Thank you for your assistance in this regard.

Sincerely,

By _____
Barry L. Cox, Plaintiff

Cc: Franchise Tax Board "FTB"

SPECIALIZING IN: BUSINESS & ESTATE PLANNING, ASSET PROTECTION AND TAX LIBERATION STRATEGIES

```
                    ***POSTALANNEX+***
              18160 US Hwy. 281 N. Ste. 108
                 San Antonio, Texas  78232
                       (210) 404-2100
                     Fax (210) 404-2290
                   www.postalannex.com/438



    Stamps                                   0.49
    Shipment----------------------
       USPS First Class Mail Flat
       Package ID: 50388                     4.80
    Shipment----------------------
       USPS First Class Mail Flat
       Package ID: 50389                    14.80
       Certified              ($5.30)
       Return Receipt         ($4.30)
    **VOID**Shipment-------------
       USPS Priority Flat-Rate Box
       Ship To:

          STATE OF CALIFORNIA
          FRANCHISE TAX BOARD FTB
          P.O. BOX 2952
          SACRAMENTO, CA 95812
       Package                               0.00
       Certified              ($5.30)
       Ret.Rcpt.for Merchandise ($4.70)
    Shipment----------------------
       USPS Priority Flat-Rate Box
       Ship To:

          UNITED STATE COURT HOUSE
          WASHINGTON, DC 20001
       Package ID: 50392                    24.50
       Certified              ($5.30)
       Ret.Rcpt.for Merchandise ($4.70)

       SUBTOTAL                             44.59
       TAX                                   0.00
       TOTAL                                44.59
    TEND Visa                               44.59

    BARRY COX
    Edie O. [1]                       07/28/2007
    #74318                              12:36 PM



              ***********************************
                  Thank you for your business.
                    TRACK YOUR PACKAGE AT
                     www.postalannex.com/438
              ***********************************
```

State of California
FRANCHISE TAX BOARD
P.O. Box 2952
Sacramento, California 95812-2952                                July 28, 2007

**Attention: Executive Officer and Legal Counsel of Record**

## REQUEST for WAIVER of SUMMONS

Notice of Federal Rules of Civil Procedure, Rule 4 SUMMONS, (d) Waiver of Service, (1)(2), (A)(B)(C)(i)(ii)(3), (j)(2) "Service upon a state" et al.

You have been sued. A COMPLAINT FOR MONEY DAMAGES has been filed in the United States District Court, District of Columbia, Washington DC, Division.

Pursuant to Rule 4(d) Plaintiff requests the FTB (Defendant) to "waive" service of summons. See: Rule 4(d)(1)(2)(A)(B)(C)(D)(E)(F)(G).

A copy of the "complaint" is enclosed. Pursuant to Rule 84, there are consequences of compliance and of a failure to comply with the request.

An extra copy of the "request for waiver of summons" and notice is enclosed with a prepaid envelope for compliance in writing. Failure of the defendant to comply with the "request for waiver of summons" the court will impose the costs incurred in effecting service of the complaint.

A defendant who timely returns a "waiver" so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent, otherwise the defendant must answer the complaint within 30 days, and if no timely answer, the defendant will be in default and subject to motion for summary judgment on the pleadings.

Upon return of the signed written "waiver" the action shall proceed as if a summons and complaint had been served at the time of filing of waiver, and no proof of service shall be required.

Respectfully submitted,

By _[signature]_
Barry L. Cox, Plaintiff
502 Roble Vista
San Antonio, Texas  78258
(210) 497-0343

Enclosure: "Request for Waiver of Summons"

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: __BARRY L. COX AND JANIS L. COX__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Franchise Tax Board "FTB"__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Cox v. "FTB"__
(CAPTION ACTION)

which is case number __1:07-CV-01386__ in the United States District Court
(DOCKET NUMBER)

for the District of __Columbia__

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

_____    _____
(DATE)                                    (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                                      (CORPORATE DEFENDANT)

## Duty to Avoid unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

This form was electronically produced by Judy Deanda using Omniform.

## PROFESSIONAL ADVISORY OFFICES

19141 STONE OAK PARKWAY
SUITE 104  BOX 109
SAN ANTONIO, TEXAS 78258

(210) 497-0343 • FAX (210) 497-0349
E-MAIL WARRIORAGENT@HOTMAIL.COM

BARRY L. COX, Consultant

September 27, 2007

Clerk of Court
United States Court House
District of Columbia
333 Constitution Avenue, N.W.
Washington DC, 2001

RE:  Case No: 1: 07-CV-01386 (RMC)

Dear Clerk:


Please find attached herewith the original and a true and correct copy of the MOTION FOR DEFAULT JUDGMENT.

A true and correct copy was mailed by prepaid postage United States first class mail to:

>State of California
>FRANCHISE TAX BOARD
>P.O. Box 2952
>Sacramento, California
>95812-2952

Please process this motion to the attention of the assigned United States District Judge, R.M. Collyer.

If you have any questions, please contact me.

Respectfully,

_____
Barry L. Cox
Attorney of record (pro se)