UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **BARRY L. COX,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 07-1386 (RMC) |
| v. ) | |
| ) | |
| **STATE OF CALIFORNIA** ) | |
| **FRANCHISE TAX BOARD (FTB),** ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Plaintiffs' Motion Concerning Matters of Rule 4 & 5 Federal Rules of Civil Procedure Summons and Good Service [Dkt. # 3], requesting this Court to enter default judgment. This Court does not have jurisdiction to enter default judgment because service of process on the named defendant was insufficient. *See Omni Capital Intern, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987) (in the absence of service of process, a court lacks jurisdiction over a party whom the complainant names as a defendant); *Marshall v. Labor & Indus., Wash.*, 89 F. Supp. 2d 4, 11 (D.D.C. 2000) (holding that default is improper when service of process "has not been achieved as to any Defendant"). In this case, the State of California Franchise Tax Board, a state agency, was not properly served. Under the Federal Rules of Civil Procedure, a governmental organization must be served in the following manner:

> Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Fed. R. Civ. P. 4(j)(2). In California, service may be effected on a "public entity" by "delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Code Civ. Proc. § 416.50(a). A "public entity" includes "the state and any office, department, division, bureau, board, commission, or agency of the state." Cal. Code Civ. Proc. § 416.50(b). Plaintiffs Barry L. Cox and Janis L. Cox sent a copy of the Complaint and a request for waiver of summons by certified mail to the Franchise Tax Board. *See* Affidavit of Default [Dkt. # 2]. This method of service does not satisfy the requirements of the Federal Rules of Civil Procedure or the California Code. Accordingly, due to insufficient service, Plaintiffs have failed to establish this Court's jurisdiction over Defendant in this action, and may not be awarded default judgment.

Plaintiffs have failed to effect service within 120 days pursuant to Federal Rule of Civil Procedure 4(m). However, this Court will grant Plaintiffs, who are proceeding *pro se*, 30 additional days (*i.e.*, until January 31, 2008) to perfect service on the named defendant and file proof of service with the Clerk of this Court. If the Plaintiffs fail to comply with this Order, or if the Court determines that Plaintiffs have not shown good cause for failure to comply with Rule 4(m), this case will be dismissed without prejudice. It is hereby

**ORDERED** that Plaintiffs' Motion Concerning Matters of Rule 4 & 5 Federal Rules of Civil Procedure Summons and Good Service [Dkt. # 3] is **DENIED** without prejudice.

**SO ORDERED**.

Date: December 21, 2007

/s/
ROSEMARY M. COLLYER
United States District Judge