UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

Washington D.C. Division

---

| | |
|---|---|
| BARRY L. COX and JANIS L. COX )<br>    Plaintiff,                                           )<br>                                                          )<br>                       v.                            )<br>                                                          )<br>STATE OF CALIFORNIA,               )<br>FRANCHISE TAX BOARD (FTB)  )<br>    Defendants,                                     )<br>                                                          )<br>_____ ) | Case: 1: 07-CV-01386 (R.M.C)<br><br><br><br><br><br><br>Hon. Judge R. M. Collyer |

### MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW, plaintiffs Barry L. Cox and Janis L. Cox with MOTION FOR JUDGMENT ON THE PLEADINGS.

On July 28, 2007 the plaintiffs delivered to the Clerk of Court, and the defendant "FTB," a transmittal letter by United States Certified Mail #7006 0100 003 2802 3523 (copy on file) with the followed documents:

1. COMPLAINT For MONEY DAMAGES

2. Letter to FTB with REQUEST for WAIVER of SUMMONS

3. Form AO 399 "WAIVER OF SERVICE OF SUMMONS"

**RECEIVED**

JAN 7 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

On July 30, 2007 the Clerk of the Court filed the plaintiff's "COMPLAINT" manifesting the <u>assigned date</u> 07/30/2007 as Case: 1: 07-CV-01386.

On or about July 30, 2007, the defendant "FTB," was served a copy of the "COMPLAINT" and the accompanying documents "REQUEST FOR WAIVER OF SUMMONS" and FORM AO 399 "WAIVER OF SERVICE OF SUMMONS" by United States Certified Mail # 7006 0100 0003 2802 3530. [Proof on file]

These FACTS satisfy the requirements and guidelines of Rule 4 and Rule 5 Federal Rules of Civil Procedure.

The Court will take judicial notice FORM AO 399 "Waiver of Service of Summons" includes the following declaration:

> Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless "good cause" be shown for its failure to sign and return the waiver.
>
> It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of he summons) and may later object to the jurisdiction of he court or to the place where the action has been brought.
>
> A defendant who waives service <u>must</u> within the time specified on the waver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and <u>must</u> also file a signed copy of the response with the court. <u>If the answer or motion is not served within this time a default judgment may be taken against that defendant.</u> By waving service, a defendant is allowed more time (60 days instead of 20 days) to answer than if the summons had been actually serviced when the request for waiver of service was received.

After 60 days of waiting, to see if the defendant ("FTB") would timely respond to the requirement under Rule 4 (d) (1) (2) 9(A)(B)(C)(D)(E)(F)(G) & (3)(4)(5) Federal Rules of Civil Procedure, on September 27, 2007, the plaintiff filed with this Court by United States first class mail, "MOTION FOR DEFAULT JUDGMENT," pursuant to the above referenced Rule 4 and Rule 55 "DEFAULT."

A true and correct copy of the "motion for default judgment" was mailed to the defendant "FTB" by United States prepaid first class mail on September 27, 2007.

On October 2, 2007, the plaintiff received a telephone call from the Court's Clerk, or a clerk in the office of Judge Collyer, named "Teresa" [Telephone Number (202) 354-3124], asserting the Court received the MOTION FOR DEFAULT JUDGMENT and it was docketed accordingly.

The Judge's clerk asserted that there was no evidence that a SUMMONS had been served upon the FTB with the "Complaint." The Plaintiff submitted evidence to the Court regarding "Request for Waiver of Summons" or "WAIVER OF SERVICE OF SUMMONS which was filed with the "Complaint" to establish "good service."

On October 3, 2007 the plaintiff filed with the Court pleadings to analyze these events and examine the submitted "documents" which were properly mailed and served upon the Court and defendant ("FTB") with the "complaint."

**Plaintiffs requested the Court to determine if the defendant "failed" to cooperate in saving unnecessary costs of service of the summons and if defendant failed to sign and return the waiver and is liable for bearing the costs of "service." The facts show "defendant" failed to sign or return the "waiver" and FTB forfeited the right to answer and is now in DEFAULT.**

**On October 3, 2007 the Plaintiff's filed an "action" moving the court to determine if the defendant "FTB" was entitled to receive an additional service of the SUMMONS under provisions of Rule 4, or to determine if the Clerk of Court is required to prepare and serve the "summons" Form AO 440 "Summons in a Civil Action" and to deliver the SUMMONS upon the defendant with instructions the FTB will bear the cost of such service mandated by Rule 4 "Summons."**

**It has been over 90 days and the "FTB" has not responded to the Plaintiff's motions and pleadings (claim for money damages) pertinent to the disposition of this case. As a matter of law, the Court should conclude the defendant (FTB) is in DEFAULT.**

**For sure, the defendant FTB has failed to timely respond to the "complaint" and the Plaintiff's other subsequent pleadings and motions.**

**Rule 56 Federal Rules of Civil Procedure:**

>   (a) A party seeking to recover upon a claim…after a service of a motion for summary judgment…(may after the expiration of 20 days) move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

4

To the extent the plaintiff satisfied the service of the "summons" issue required by Rule 3 Commencement of Action, Rule 4 Summons, Rule 4.1 Service of Process, and Rule 5 Service of Filing of Pleadings and Other Papers, and to the extent the defendant failed to respond or otherwise defend the "complaint" for damages, or answer or otherwise defend the plaintiff's motions and pleadings on file, the plaintiff moves the Court to GRANT the MOTION FOR DEFAULT JUDGMENT and issue a final order of judgment based on the pleadings pursuant to Rule 55 "Default" and Rule 56 Summary Judgment.

Respectfully submitted,

By _____
Barry Cox
502 Roble Vista
San Antonio, Texas  78258

By _____
Janis Cox
502 Roble Vista
San Antonio, Texas  78258

Dated:   January 5, 2008

CERTIFICATE OF SERVICE

This is to certify the original and one copy of the foregoing "action" styled

<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u> was mailed to the United

States District Court, District of Columbia, Washing D.C Division, 333 Constitution

Avenue, N.W., Washington, 20001 by prepaid United States first class mail on

January 5, 2008.

A true and correct copy of the "action" was also mailed on the same date by prepaid

United States first class mail to the defendant (FTB) as follows:

    State of California
    FRANCHISE TAX BOARD
    P.O. Box 2952
    Sacramento, California 95812-2952

I declare under penalties of perjury the facts alleged in the "action" are true and

correct to the best of my knowledge.

                By _____
                    Barry L. Cox, attorney pro se
                    502 Roble Vista
                    San Antonio, Texas  78258

Dated:  January 5, 2008