UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

Washington D.C. Division

| | |
|---|---|
| BARRY L. COX and JANIS L. COX ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF CALIFORNIA, ) <br> FRANCHISE TAX BOARD (FTB) ) <br> Defendants, ) <br> ) <br> _____ ) | Case: 1: 07-CV-01386 (R.M.C) <br><br><br> Hon. Judge R. M. Collyer |

### MOTION FOR COURT TO CONFIRM GOOD SERVICE OF SUMMONS AND COMPLAINT AND FOR DEFAULT JUDGMENT AGAINST DEFENDANT

COMES NOW, plaintiffs Barry L. Cox and Janis L. Cox with "Motion for Court to Confirm Good Service of Summons and Complaint and for Default Judgment Against Defendant."

The Court will take JUDICIAL NOTICE the plaintiff served a true and correct copy of the "COMPLAINT" and Form AO 440 "Summons in a Civil Action" regarding Case No. 1: 07-cv-01386 upon the Defendant "State of California" represented by its service agent, Secretary of State, Debra Bowen, pursuant to Federal Rules of Civil Procedure, Rules 4 and 5, and referenced by Judge Rosemary M. Collier's "order" dated December 21, 2007, citing Cal. Code Civ. Proc. 416.50(a),

RECEIVED

FEB 1 1 2008

NANCY MAYER WHITTINGTON, CLERK

and Cal. Code Civ. Proc. Sec. 416.50(b) providing in pertinent part:

> "The '<u>summons</u>' shall be served to California's chief executive officer or to the clerk, <u>SECRETARY</u>, president, presiding officer, or other head of its governing body."

To the extent the Secretary of State is authorized by statute as an appropriate official to receive service of the "summons" and "complaint," the Court will take notice "good service" was timely made to defendant by United States Postal Service as Certified Mail #7007 2689 0001 2081 7614. Copy of the request for return receipt, signed by State of California employee "Steven Lear" is attached to verify delivery of "summons" and "complaint" made on January 22, 2008.

Defendant's "Legal Review Unit" produced a letter dated January 30, 2008 (copy attached) rejecting and denying the good service of "summons" and "complaint" asserting:

> "The Federal Rules of Civil Procedure and California law do not provide for service of process in this manner (e.g. service on the Secretary of State) and service against the State of California must be upon the California Attorney General's office pursuant to California Government Code section 955.4, and service of process against the California Franchise Tax Board must be served upon that separate State agency (e.g. "FTB") or in an action against the State of California or in an action against the California Franchise Tax Board."

The "unsigned" letter from the Legal Review Unit (counsel representing the Secretary of State of California) further asserted: "we have returned the submitted materials (summons and complaint) without taking further action."

## FACTS

On July 28, 2007, the plaintiff delivered to the Clerk of Court, and the defendant "FTB," a transmittal letter via United States Certified Mail #7006 0100 003 2802

3523 with the following documents:

    1.    COMPLAINT For MONEY DAMAGES

    2.    Letter to FTB with REQUEST for WAIVER of SUMMONS

    3.    Form AO 399 "WAIVER OF SERVICE OF SUMMONS"

On July 30, 2007 the Clerk of the Court filed the plaintiff's "COMPLAINT" manifesting the <u>assigned date</u> 07/30/2007 as Case: 1: 07-CV-01386.

On or about July 30, 2007, the defendant "FTB," was served a copy of the "COMPLAINT" and the accompanying documents "REQUEST FOR WAIVER OF SUMMONS" and FORM AO 399 "WAIVER OF SERVICE OF SUMMONS" by United States Certified Mail # 7006 0100 0003 2802 3530. [Proof on file]

The "complaint" and "summons" served upon the defendant by the plaintiff demonstrate "good faith" to comply with the "good service" requirements and guidelines of Rule 4 and Rule 5 Federal Rules of Civil Procedure.

The Court will take judicial notice FORM AO 399 "Waiver of Service of Summons" includes the following declaration:

> Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless "good cause" be shown for its failure to sign and return the waiver.
>
> It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of he summons) and may later object to the jurisdiction of he court or to the place where the action has been brought.

> A defendant who waives service <u>must</u> within the time specified on the waver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and <u>must</u> also file a signed copy of the response with the court. <u>If the answer or motion is not served within this time a default judgment may be taken against that defendant</u>. By waving service, a defendant is allowed more time (60 days instead of 20 days) to answer than if the summons had been actually serviced when the request for waiver of service was received.

After 60 days of service to "FTB," the defendant failed to timely respond to the requirement under Rule 4 (d) (1) (2) 9(A)(B)(C)(D)(E)(F)(G) & (3)(4)(5) Federal Rules of Civil Procedure.

On September 27, 2007, the plaintiff filed with this Court, by United States first class mail, "MOTION FOR DEFAULT JUDGMENT," pursuant to the above referenced Rule 4 and Rule 55 "DEFAULT."

A true and correct copy of the "motion for default judgment" was mailed to the defendant "FTB" by United States prepaid first class mail on September 27, 2007.

On October 2, 2007, the Court's Clerk notified plaintiff the MOTION FOR DEFAULT JUDGMENT could not be granted because the court would not accept the application of the "waiver of service of summons" provision of Rule 4(d) in lieu of the requirement for "good service" of the SUMMONS upon defendant.

Simply stated, the plaintiff's effort to invoke "Request for Waiver of Summons" or "WAIVER OF SERVICE OF SUMMONS" filed with the "Complaint," to establish "good service," was not considered proper by the Court.

On December 21, 2007, Judge Rosemary M. Collyer, issued an "order" for the plaintiff to serve the defendant Form AO 440 "Summons in a Civil Action" including a copy of the "complaint" to the appropriate party of service as provided in statutes of the Cal. Code Civ. Proc. 416.50(a), Cal. Code Civ. Proc. Sec. 416.50(b) and Rule 4 and 5 of Fed. Rul. Civ. Proc.

Subsequently, the plaintiff complied with the court's "order" of December 21, 2008 and served a copy of the "Summons" and "Complaint" upon the defendant State of California, represented by its executive officer for service, Debra Bowen, Secretary of State and its Legal Review Unit. Service was made on January 22, 2008. In addition, a copy of the "complaint" was previously served directly upon the "FTB" on July 28, 2007. For sure, the defendant is the recipient of "good service."

Notwithstanding, the defendant has willfully distorted or ignored the statutes of California Code of Civil Procedure Sections 416.50(a) and (b) identifying the Secretary of State as an appropriate executive officer to receive service.

In the first attempt to serve the FTB, the defendant failed to confront or comply with the plaintiff's "request for waiver of summons" delivered to the FTB on July 28, 2007. In the second attempt to serve the defendant a copy of the "summons" signed by Nancy M. Mayer-Whittington, Clerk of Court, dated 1/15/2008, delivered by "good service" on January 22, 2008, the defendant failed to acknowledge receipt of "good service" was appropriate.

Notwithstanding the defendant's position to refuse service, the defendant's official representative acting for the State of California, authorized to receive "good service," is Debra Bowen, Secretary of State provided by Cal. Code Civ. Proc. Sections 416.50(a) and (b) and Rule 4 and 5 of Federal Rules of Civil Procedure referenced in this court's "order" of December 21, 2007.

The plaintiff has acted with due diligence and in good faith to provide "good service" of the summons and complaint upon the defendant. As a matter of pertinent law, the defendant (State of California and/or the FTB) has been <u>timely</u> and duly <u>served</u> copies of the "summons" and "complaint" as directed by this court.

By operation of law, the defendant has 20 days from the January 22, 2008 to file an "answer" to the complaint or forfeit by default.

The plaintiff's previous motions for <u>default judgment</u> and <u>judgment on the pleadings</u> support the fact the defendant failed to properly respond to the "request for waiver of summons" or the <u>summons</u> and <u>complaint</u> referenced in this "instant" action.

Plaintiff now respectfully requests the Court to consider and analyze these events to determine if "good service" has been properly executed upon the defendant.

Inasmuch as the defendant has not timely filed an answer with this Court within 20 days of January 22, 2008, or by February 12, 2008, the defendant will be in default as prescribed in Rule 55 Fed. Rul. Civ. Proc.

**Plaintiff respectfully requests the Court to determine if the defendant was properly served a copy of the summons and complaint according to the rules referenced herein.**

**Plaintiff requests the Court to determine if the gamesmanship of the defendant's Legal Review Unit, citing California Government Code section 955.4, as an excuse to avoid "good service" under California Code of Civil Procedure, sections 416.50(a) & (b), is valid.**

**Simply put, plaintiff requests the Court to determine if the defendant's attempt to avoid "service" of the "summons" and "complaint" is a willful distortion of the above statute and abuse of sovereign discretion under color of office (in order to obfuscate the applicable rule of law), or if the defendant's pretended "excuse" to avoid good service of process has merit.**

**If the court finds the that the defendant was in fact properly served a copy of the "summons" and "complaint" under provisions of Cal. Code. Civ. Proc. Sections 416.50(a)& (b), the plaintiff respectfully requests the court to issue an "order" to the defendant to show good cause why it should not answer the "complaint" by February 12, 2008, or stand in DEFAULT.**

**For sure, the <u>Legal Review Unit</u> of the Secretary of State, located in Sacramento, California, who received and reviewed the "summons" and "complaint," has reasonable nexus, access, and proximity to the California Attorney General's office**

in Sacramento, California, and to the "FTB," whom they assert are "technically" the only proper service agents to receive the "summons" and "complaint."

Notwithstanding, to show good faith, the Plaintiff served a copy of the "summons" and "complaint" to the Attorney General's office on February 7, 2008 by United States mail prepaid postage.

Because these events demonstrate the defendant has attempted to avoid "good service," or confrontation with the "complaint," the plaintiff respectfully requests the Court, if it deems appropriate, to direct the Clerk of Court to deliver a copy of the SUMMONS and "complaint" (on file) to the Attorney General for the State of California with instructions the FTB or State of California will bear the cost of such service mandated by Rule 4 "Summons."

In the event the Court has determined the defendant (FTB) and/or the State of California is in DEFAULT, for refusal to accept "good service," or failure to timely answer the "complaint," the plaintiff moves the Court to GRANT the MOTION FOR DEFAULT JUDGMENT, as law and justice demand.

Respectfully submitted,

By_____
Barry Cox
19141 Stone Oak Parkway
Suite 104  Box 109
San Antonio, Texas  78258

By_____
Janis Cox
19141 Stone Oak Parkway
Suite 104  Box 109
San Antonio, Texas  78258

Dated: February 7, 2008

CERTIFICATE OF SERVICE

This is to certify the original and one copy of the foregoing "action" was mailed to the United States District Court, Clerk of Court, District of Columbia, Washing D.C Division, 333 Constitution Avenue, N.W., Washington, 20001 by repaid United States first class mail on February 7, 2008.

A true and correct copy of the "action" was also mailed on the same date by prepaid postage via United States first class mail to the defendant, as follows:

> State of California
> FRANCHISE TAX BOARD
> P.O. Box 2952
> Sacramento, California 95812-2952
>
> State of California
> Legal Review Unit
> California Secretary of State
> 1500 11th Street, 3rd Floor
> Sacramento, California 95814
>
> Attorney General's Office
> California Department of Justice
> P.O. Box 944255
> Sacramento, California 94244-2550

I declare under penalties of perjury the facts alleged in the "action" and in this Certificate of Service are true and correct to the best of my knowledge

By _____
Barry L. Cox, attorney pro se
19141 Stone Oak Parkway
Suite 104 Box 109
San Antonio, Texas 78258

February 7, 2008

**DEBRA BOWEN** | SECRETARY OF STATE | STATE OF CALIFORNIA
BUSINESS PROGRAMS | BUSINESS ENTITIES
1500 11th Street, 3rd floor | Sacramento, CA 95814 | Tel (916) 657-5448 | www.sos.ca.gov

January 30, 2008

Barry L. Cox
Janis L. Cox
19141 Stone Oak Parkway
Suite 104, Box 109
San Antonio, TX 78258

Re:   Barry L. Cox and Janis L. Cox v. State of California, Franchise Tax Board
      United States District Court, District of Columbia
      Case No.: 07-1386 (RMC)

Dear Mr. and Ms. Cox:

We have received by mail what appears to be a lawsuit against the State of California or the California Franchise Tax Board. The Federal Rules of Civil Procedure and California law do not provide for service of process in this manner, and service of process against the State of California must be served upon the California Attorney General's office pursuant to California Government Code section 955.4, and service of process against the California Franchise Tax Board must be served upon that separate State agency. The California Secretary of State is not authorized to accept service in an action against the State of California or in an action against the California Franchise Tax Board.

Therefore, we have returned the submitted materials without taking further action.

If we can be of assistance with any of the functions or services of this office that are authorized by the California Constitution or by statute, please let us know.

Sincerely,

Legal Review Unit
California Secretary of State
Business Programs Division

encl.

cc:   Nancy M. Mayer-Whittington
      Clerk of the Court
      United States District Court
      District of Columbia
      333 Constitution Avenue, N.W.
      Washington, D.C. 20001



Texas Property Tax Code
2006 Edition

## Title 1. Property Tax Code
## Subtitle E. Collections and Delinquency

### Chapter 33. Delinquency

### Subchapter B. Seizure of Personal Property

Sec. 33.21. Property Subject to Seizure.
Sec. 33.22. Institution of Seizure.
Sec. 33.23. Tax Warrant.
Sec. 33.24. Bond for Payment of Taxes.
Sec. 33.25. Tax Sale: Notice; Method; Disposition of Proceeds.

[Sections 33.26 to 33.40 reserved for expansion]

### Sec. 33.21. Property Subject to Seizure.

(a) A person's personal property is subject to seizure for the payment of a delinquent tax, penalty, and interest he owes a taxing unit on property.

(b) A person's personal property is subject to seizure for the payment of a tax imposed by a taxing unit on his property before the tax becomes delinquent if:

(1) the collector discovers that property on which the tax has been or will be imposed is about to be removed from the county; and

(2) the collector knows of no other personal property in the county from which the tax may be satisfied.

(c) Current wages in the possession of an employer are not subject to seizure.

(d) In this subchapter, "personal property" means:

(1) tangible personal property;

(2) cash on hand;

(3) notes or accounts receivable, including rents and royalties;

(4) demand or time deposits; and

(5) certificates of deposit.

Amended by 1983 Tex. Laws, p. 4828, ch. 851, Sec. 23; amended by 2001 Tex. Laws, p. 4824, ch. 1430, Sec. 17.

**Cross References:**
Personal property defined, see Sec. 1.04.
Restrictions on personal property tax lien, see Sec. 32.03.
Installment payment of delinquent taxes, see Sec. 33.02.

### Sec. 33.22. Institution of Seizure.

(a) At any time after a tax becomes delinquent, a collector may apply for a tax warrant to any court in any county in which the person liable for the tax has personal property. If more than one collector participates in the seizure, all may make a joint application.

(b) A collector may apply at any time for a <u>tax warrant authorizing seizure of property</u> as provided by Subsection (b) of Section 33.21 of this code.

(c) The court shall issue the tax warrant if the applicant shows by affidavit that:

   (1) the person whose property he intends to seize is delinquent in the payment of taxes, penalties, and interest in the amount stated in the application; or

   (2) the applicant has reason to believe the property owner is about to remove from the county personal property on which a tax has been or will be imposed, the applicant knows of no other personal property the person owns in the county from which the tax may be satisfied, and taxes in a stated amount have been imposed on the property or taxes in an estimated amount will be imposed on the property.

(d) A collector is entitled to recover attorney's fees in an amount equal to the compensation specified in the contract with the attorney if:

   (1) recovery of the attorney's fees is requested in the application for the tax warrant;

   (2) the taxing unit served by the collector contracts with an attorney under Section 6.30;

   (3) the existence of the contract and the amount of attorney's fees that equals the compensation specified in the contract are supported by the affidavit of the collector; and

   (4) the tax sought to be recovered is not subject to the additional penalty under Section 33.07 or 33.08 at the time the application is filed.

(e) If a taxing unit is represented by an attorney who is also an officer or employee of the taxing unit, the collector for the taxing unit is entitled to recover attorney's fees in an amount equal to 15 percent of the total amount of delinquent taxes, penalties, and interest that the property owner owes the taxing unit.

Acts 1979, 66th Leg., p. 2292, ch. 841, § 1, eff. Jan. 1, 1982. Amended by Acts 2005, 79th Leg., ch. 1126, § 17, eff. Sept. 1, 2005.

**Cross References:**
Delinquency date, see Sec. 31.02.
Postponed delinquency date, see Sec. 31.04.
Tax records as evidence, see Sec. 33.47.

**Note:**
Tax Code Section 33.22(a) does not give a justice court any jurisdiction beyond that granted in the constitution and Government Code Section 27.031(a)(1). A justice court may grant a delinquent tax warrant only in those cases in which the amount of delinquent tax is $5,000 or less. Tex. Att'y Gen. LO-96-098 (1996).

### Sec. 33.23. Tax Warrant.

(a) A tax warrant shall direct a peace officer in the county and the collector to seize as much of the person's personal property as may be reasonably necessary for the payment of all taxes, penalties, interest, and attorney's fees included in the application and all costs of seizure and sale. The warrant shall direct the person whose property is seized to disclose to the officer executing the warrant the name and the address if known of any other person having an interest in the property.

(b) A bond may not be required of a taxing unit for issuance or delivery of a tax warrant, and a fee or court cost may not be charged for issuance or delivery of a warrant.

(c) After a tax warrant is issued, the collector or peace officer shall take possession of the property pending its sale. The person against whom a tax warrant is issued or another person having possession of property of the person against whom a tax warrant is issued shall surrender the property on demand. Pending the sale of the property, the collector or peace officer may secure the property at the location where it is seized or may move the property to another location.

(d) A person who possesses personal property owned by the person against whom a tax warrant is issued and who surrenders the property on demand is not liable to any person for the surrender. At the time of surrender, the collector shall provide the person surrendering the property a sworn receipt describing the property surrendered.

(e) Subsection (d) does not create an obligation on the part of a person who surrenders property owned by the person against whom a tax warrant is issued that exceeds or materially differs from that person's obligation to the person against whom the tax warrant is issued.

Added by Acts 1979, 66th Leg., p. 2292, ch. 841, § 1, eff. Jan. 1, 1982. Amended by Acts 1983, 68th Leg., p. 4828, ch. 851, § 24, eff. Aug. 29, 1983; Acts 2001, 77th Leg., ch. 1430, § 18, eff. Sept. 1, 2001; Acts 2005, 79th Leg., ch. 1126, § 20, eff. Sept. 1, 2005.

### Sec. 33.24. Bond for Payment of Taxes.

(a) person may prevent seizure of property or sale of property seized by delivering to the collector a cash or surety bond conditioned on payment of the tax before delinquency. The bond must be approved by the collector in an amount determined by him, but he may not require an amount greater than the amount of tax if imposed or the collector's reasonable estimate of the amount of tax if not yet imposed.

Added by Acts 1979, 66th Leg., p. 2293, ch. 841, § 1, eff. Jan. 1, 1982.

### Sec. 33.25. Tax Sale: Notice; Method; Disposition of Proceeds.

(a) After a seizure of personal property, the collector shall make a reasonable inquiry to determine the identity and to ascertain the address of any person having an interest in the property other than the person against whom the tax warrant is issued. The collector shall provide in writing the name and address of each other person the collector identifies as having an interest in the property to the peace officer charged with executing the warrant. The peace officer shall deliver as soon as possible a written notice stating the time and place of the sale and briefly describing the property seized to the person against whom the warrant is issued and to any other person having an interest in the property whose name and address the collector provided to the peace officer. The posting of the notice and the sale of the property shall be conducted: