UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARRY L. COX, *et al.*,            )<br>                                             )<br>        Plaintiffs,                       )<br>                                             )<br>        v.                                    )<br>                                             )<br>STATE OF CALIFORNIA          )<br>FRANCHISE TAX BOARD (FTB), )<br>                                             )<br>        Defendant.                      )<br>                                             ) | Civil Action No. 07-1386 (RMC) |

### ORDER

Before the Court is Plaintiffs' Motion for Court to Confirm Good Service of Summons and Complaint for the Default Judgment [Dkt. # 8]. This Court does not have jurisdiction to enter default judgment because service of process on the named defendant was insufficient. *See Omni Capital Intern, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987) (in the absence of service of process, a court lacks jurisdiction over a party whom the complainant names as a defendant); *Marshall v. Labor & Indus., Wash.*, 89 F. Supp. 2d 4, 11 (D.D.C. 2000) (holding that default is improper when service of process "has not been achieved as to any Defendant"). In this case, the State of California Franchise Tax Board ("Franchise Tax Board"), a state agency, was not properly served.

On December 21, 2007, the Court denied Plaintiffs' initial request for default judgment because Plaintiffs failed to serve the Franchise Tax Board properly. *See* Dkt. # 4. The Court ordered Plaintiffs, who are proceeding *pro se*, to perfect service on the Franchise Tax Board no later than January 31, 2008, or the case could be dismissed without prejudice. *Id*.

In response to the Court's Order, Plaintiffs attempted service on the Franchise Tax Board by sending a copy of the complaint and summons to California's Secretary of State. *See* Dkt. # 7. An employee of the Legal Review Unit in the Secretary of State's office sent a letter to Plaintiffs

on January 30, 2008, explaining that service of process against the Franchise Tax Board is proper only by serving the agency itself. *Id*. As the Court explained in its earlier Order, service on an agency is only complete by "delivering a copy of the summons and complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." *See* Dkt. # 4 (quoting Cal. Code Civ. Proc. § 416.50(b)). Plaintiffs did not serve the appropriate person at the Franchise Tax Board, as required by § 416.50. Despite the clear notice from the California Secretary of State that service was, again, improper, Plaintiffs ask the Court for a default judgment. This the Court cannot do. Because Plaintiffs have once again failed to establish this Court's jurisdiction over Defendant in this action, it is hereby

**ORDERED** that Plaintiffs' Motion for Court to Confirm Good Service of Summons and Complaint and for Default Judgment [Dkt. # 8] is **DENIED**; and it is

**FURTHER ORDERED** that Plaintiffs' Motion for Judgment on the Pleadings [Dkt. # 5] is **DENIED** as moot; and it is

**FURTHER ORDERED** that this case is **DISMISSED** without prejudice; accordingly, this case is closed. This is a final appealable order. *See* Fed. R. App. P. 4(a).

**SO ORDERED**.

Date: February 22, 2008                   /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge